Thank you, Your Honor. May it please the Court, I am Richard Rubin. I'm here representing the Plaintiff Appellant, Deborah Lyons. Your Honors, this case comes to this Court in an extraordinary posture. The lower Court refused to follow or apply a binding, published, precedential opinion of this Court, holding that the Fair Debt Collection Practices Act, Statute of the Law, is a binding, precedential opinion of the Fair Debt Collection Practices Act.  of this Court, holding that the Fair Debt Collection Practices Act, Statute of the Law,  is a tolling exception under general rules. It's a simple and regular occurrence of a principle and an exception, and they are totally, not only do they not conflict, they are complementary. You can't have a tolling rule without an earlier accrual date, after all. Then there wouldn't be tolling at all, it would just be the accrual. In order to establish the tolling exception of the discovery rule, there has to be an earlier date which is then going to be told. That's not conflicting. It's barely a superficial conflict, and it's hardly the irreconcilable conflict that would be required to create the problems. So when the Court in Nasset, we hold that the statute of limitations began to run on the filing of the complaint in the Municipal Court. Right. As opposed to the – as opposed, in that case, to the finality of the judgmental appeal. That was the question in Nasset. Does the statute of limitations accrue at the first moment when the – when the distant venue case, which is what we're talking about in the FDCPA, the unfair venue provision, when the case is filed or when the state collection case is final? And this Court held it's when it's filed. And that makes sense. That's what the statute says. It's the plain language of the statute. In Mangum, there was a 1692C violation, communicating with a third party that the consumer owed a debt. Again, the date of accrual is when the communication occurred. But the tolling occurred until the consumer learned that her privacy was invaded. And these are complementary principles that have to apply in any tolling or exception situation. You – like I said, you would not – one would not have a tolling if there wasn't an earlier accrual. So the fact there is an exception, there is a tolling, cannot be seen as conflicting with the earlier. It has to be seen as the part of the normal course of developing case law. If it was otherwise, then you could never have – you could never have an exception whether it's statute of limitations tolling, whether it's discovery rule, equitable stoppable, whatever there may be, or any other exception if the first case that came before that established the principle was on point with the case that comes up later. That's not the way our system works, Judge. Well, you know, I don't find the word tolling anywhere. I understand about a discovery rule, which some would think is different from – some would think that the discovery rule helps you establish the date the statute starts to run. Well, that's – I think is an important point. There is an accrual of the date for statute of limitations, and there is the date by which we count the one year in this case, whatever the statute may be. That's the discovery rule. The differential is – there is always going to be a difference. There has to be a difference. We wouldn't have the exception otherwise. But no, I would – I mentioned tolling because I guess – I don't know. The discovery rule could be – I think is a tolling principle. But in any event, when we think about this in terms of the jurisprudential chaos that would result if the case below were affirmed, that a binding decision, published opinion of this court, noting, holding an exception to a principle, to a rule, is automatically deemed to be in such conflict with the rule that the courts are free to ignore the exception, the second case. That cannot be. That's not the way our system works. And, of course, I think what's important, among many things, is that in this case the defendants have not said – they've abandoned the lower court's position that there is a conflict. They have made no attempt to rebut. They don't even address in their brief the fact that what we're talking about here. There is a rule. There is an exception. They are complementary by definition. There is – the defendant in this case has provided this court with no principle on which to affirm. There's no legal principle. They've said that the Mangum case is limited to its facts. That's basically their argument. Well, that's not – again, talk about jurisprudential chaos. That's not the way our system works. Let me ask you, on the question of whether the statute starts to run from the date – or the statute of limitations starts to run from the date of filing or the date of discovery, what's the rule in the other circuits? Uniform. We – that's another point. The only – there's the – in the Tenth Circuit there's the Johnson case, which was decided after Nass and before Mangum, and very interestingly says that the rule that they are adopting for the discovery is consistent with Nass. The Tenth Circuit said that at the time. The Cerna case in the Fifth Circuit, there's an unpublished Fourth Circuit case we've cited. That's – there is the Sixth Circuit Tyler case that the defendant has cited that's a bankruptcy accrual case. And interestingly, the Sixth Circuit itself – and we put that – there's a footnote in that reply brief that says very clearly that we take – we look at – this is a different issue. It is – and it is a different issue. The circuits are uniform that this is a timely filing in this case, absolutely uniform. To say other – to hold otherwise in this case, to affirm, would create a split in the circuits. And that – The cases you're talking about deal with this particular statute? Oh, yes. Only, yes. Of course. Fair Debt Collection Practices Act. Yes. That's the – the two published opinions are Johnson and Cerna, and there's a – I'm forgetting – the unpublished case out of the Fourth Circuit we cited. Am I bound by the Tenth Circuit rule when I'm sitting with a knife? Probably not. But I do think it is important. And interestingly, the Mangum decision that came later cited the Tenth Circuit – it did a pinpoint cite for the consistency of what they were – of this rule, of the discovery rule with the Nass decision. So the panel in Mangum was well aware of the Nass opinion, cited Johnson versus Riddle out of the Tenth Circuit for the – pinpoint, for the proposition that what we are deciding today on the discovery rule is consistent with our earlier decision in Nass. Is there something different about this statute from the general principle of whether the statute of limitations starts to run on the date of filing or the date of service or the date of discovery? Well, according to Mangum, they – this court has held in Mangum specifically, they general rule – the general discovery rule applicable to all federal statutes. They used the word general a couple times, and that's really important because it would apply – again, the defendants are arguing that Mangum is limited to its facts and the provision that was violated, the invasion of privacy communication provision. There's no basis for that whatsoever. That's not – again, that's not the way that decisions are followed in any federal court. But more importantly, the courts – again, the Mangum court was saying that this is a general proposition that is applicable generally to the Fair Debt Collection Practices Act as well as other statutes, and this is what we – and cited Johnson versus Riddle for the proposition that it is also consistent with Nass. So I know this – the Mangum court was saying this is a general proposition, and I believe them, and unlike the district court, I feel that we are bound to follow that. And that's the answer to your question, Judge. All right. You have a minute left. I will – I want to save it. And again, I do want to save the minute because, again, the defendants have not – Well, then don't keep talking. Okay. Thank you very much. Good morning, Your Honors. May it please the Court. Good morning. My name is Lisa Dabowski, and I'm here with my co-counsel, Christina Rimza, and we represent the appellees in this matter. The decision of the district court should be affirmed for the following three reasons. First, Nass and Mangum can and do coexist harmoniously in the Ninth Circuit. Second, the text of 15 U.S.C. 1692 K.D. and the structure of the Consumer Credit Protection Act, which encompasses the FDCPA, is inconsistent with the application of a broad discovery rule. Third, the application of the discovery rule is not necessary here because the doctrine of equitable tolling will solve all concerns that are raised in other circuits, such as the Tenth Circuit in Johnson. The application of the equitable tolling rule, and how would that apply to this case? Well, Your Honors, I would discuss that. What we are saying is that equitable tolling could be used as a way to toll statute of limitations in these cases which address the exact statute which is at issue, which is the violation that is caused by filing a complaint in a different venue. And the way that that could work is in situations where a consumer, if a lawsuit is filed and the consumer is not properly named or served with the lawsuit and they fail to find out about it because of some later date, then in those particular cases this court could use the doctrine of equitable tolling in order to toll. But what about a consumer who doesn't learn about it in any event because the consumer is not served? Is that a reason for equitable tolling? If the consumer is never sued, Your Honor, then yes. Well, actually, it depends. If we go by the rule under NAS, in that case, then the filing in and of itself would be a violation of the statute. I'm sorry. Which filing is a violation of which statute? The filing of the initial superior court complaint against the defendant. That would start the filing date for the consumer to then file an action. What I said, if that's what starts the date and you said these problems can be solved by equitable tolling and you talked about a case where it's filed in the wrong venue, I said what about if it's filed in the right venue but the consumer doesn't learn about it because the consumer isn't served? I mean, if somebody files a suit against you, you're not going to know about it until you're served, right? Well, that depends, Your Honor. However— And why? Well, there could be a reason to know of the lawsuit because we believe that the lawsuit in and of itself can cause actual harm to a consumer. And the reason could be that although—well, actually, let me just say that if there is some reason why the lawsuit is not served in a timely fashion, then in that case— Oh, not in a timely fashion? It doesn't matter whether it's served in a timely fashion. Let's say, whatever, you don't know the suit's been filed against you. One way to learn about it is to be served. Another way, I suppose, would be the company could call you up and say, by the way, we've filed a suit against you. We just want you to know that we've done it. But we haven't yet served you. Whatever it is, say, discovery is the question. Until you learn about the suit, are you saying that that's a basis for equitable tolling? Yes, Your Honor. I believe that what NAS holds is that the violation stems from the statute of 1692 K.D., which basically—the NAS court said, we hold that the statute of limitations began to run on the filing of the complaint. So that in itself is the violation. I'm asking you about what your position is. You said there's no problem with this because there's equitable tolling. No. Actually, I wasn't referring to this particular case. You're saying, if I understand it correctly, that we don't have to reach the issue of whether the discovery rule applies to this statute because there is the equitable tolling doctrine. But even under the equitable tolling doctrine, this particular plaintiff would lose. Correct. So the only way, in your view, that the plaintiff in this case could prevail is if we follow Mangum and apply the discovery rule to this statute. Is that right? Correct, Your Honor. Yes. So now talking about why Mangum applies instead of NAS, in NAS, as I read that opinion, the date of service was not an issue. And in fact, it didn't appear that the plaintiffs in NAS even claim or challenge that they were unaware of the violation till the filing of the judgment. So given the general proposition that's set out by Mangum, why doesn't Mangum apply in this case? Yes, Your Honors. And the reason why Mangum would not apply in this case is because the holding in NAS is still legal. It's a valid holding. But the date of service wasn't an issue that was presented in NAS, was it? Well, we actually believe that the court did, in fact, address the issue of whether the statute of limitations should run from the filing or the service date. In NAS? In NAS. In NAS. In NAS. What language? What language? The reason is because the court specifically stated, and I quote, we hold that the statute of limitations began to run on the filing of the complaint in the municipal court. The court further stated that one of the reasons that it held that the statute of limitations should run from the date of filing was because, quote, this is the debt collector's last opportunity to comply with the act, and this is a date that is easily ascertainable. Now, if the court believes that the prior panel made those statements, that the filing date is the debt collector's last opportunity to comply with the act, then this court did address the issue of when the statute of limitations should run and held that in a case where the violation at issue was the filing of the complaint, the statute of limitations should run from the filing date and not some other issue. If I may, isn't that implicit that they knew at the time of the filing that the filing had in fact occurred? Yes. Yes, Your Honor. Whereas in this case, as I understand it, there was no contemporaneous service or any way that the consumer would have known. No, Your Honor. Actually, the facts of this case suggest that there is no justification for any equitable tolling or the application of the ruling. So was there contemporaneous service here? There was service, yes, within five weeks. But not only that, Your Honors. Here, there is no justification. Those five weeks, that's the issue, right? Right. But, Your Honors. What was the date of service? January what of 2012? The date of service was... She was personally served with a copy of the summons and complaint January 15, 2012. But, Your Honors, very briefly, the reason why it's important that the NAS court did hold that the filing date is the debt collector's last opportunity to comply with the act, this language in NAS is directly in contravention to the Tenth Circuit's language in Johnson, which holds that the last opportunity to comply with the act is actually the service of the complaint. That is what the courts in the Tenth Circuit find, because they don't find that there is an actual violation that has been completed until service of the complaint. That is in direct contravention to the holding in the circuit act. I don't have any purpose. I want you to be comfortable in that in trying to protect the Tenth Circuit rule here. But I do have this question. How can it be his final opportunity if he doesn't even know about it? Well, Your Honors, and the way that I would address that is that this particular statute, the statute of limitations, which is 1692 K.D., the statute in itself states that the statute of limitations runs from the date of the violation. And if... Is there an answer to my question in there? I mean, as a matter of fact, how can that possibly be? Because the statute... If you go from the language of the statute, then you must hold that the statute of limitations, in according with NAS, must run from the violation, which is that issue, which is the violation that we are addressing here is the bringing of the action. And so, with the language, under the plain language of the statute, a consumer, if they've been properly named and served with a complaint, they have to file their FDCPA law claim within a year of the actual violation. And really briefly, Your Honors, even if... I think you're out of time. May I just have one quick minute? Thank you. Reinhardt. In closing, Your Honors, there is simply no justification for equitable tolling or the rule of mangum in this particular case because Ms. Lyons had the assistance of experienced FDCPA counsel, counsel who were regarded as one of the most respected FDCPA law firms in the state. They were well-versed in FDCPA law, and they knew exactly when the lawsuit was filed and when the statute of limitations ran. I don't think that's going to be the determining factor. What firm was this that was so good? It was Hyde and Swigert, Your Honor. Never heard of it. Okay. Thank you. Thank you, Your Honor. Thank you, Your Honor. This is, we just heard the proof of why the error below. The counsel just said... The statute says a year from the violation. Yes. And that's... When do you think the violation occurred? Oh, the date of the violation was, as NASS establishes, when the event occurs, filing of the lawsuit. In mangum, the communication to the employer. Those are the dates of the violation. But counsel just said that the statute, that language, is inconsistent with a general discovery rule. Well, that's exactly what mangum said is the rule in this. If we were re-arguing this case, if mangum didn't exist, we could have this conversation. Mangum is the law of the circuit. None of us is in any position to say that mangum is wrong. Mangum establishes a general discovery rule for the FDCPA. Counsel just said that 1692KD is inconsistent with that. Well, that is no longer a matter of debate. Well, if the mangum is the law, and if it's inconsistent with NASS, then we have to go and bank. That's the law of the circuit as well. If you believe there's an irreconcilable conflict, yes. This circuit requires an en banc. I think Judge Winn asked you early in this discussion, how do you reconcile the two? As we've said, there is a... You said equitable tolling. No, no, no. Equitable tolling was Judge O'Scanlon's position in concurrence in mangum, which is interesting, because counsel says this five-week, this is not so long. In mangum, the delay was like on the order of one week, and Judge O'Scanlon thought that that was sufficient for equitable tolling. Surely the five weeks that we have, the five-week delay here, and interestingly, why was it five weeks? Because they couldn't serve Ms. They couldn't serve Ms. Lyons up in Northern California where they sued her because she did live in San Diego. They were able to learn in that five-week period, which caused the delay, that she no longer lived in the venue in which she was served, which itself is another issue about the last chance to comply. That would have been the time to not serve her, when their process server couldn't find her up north, and dismiss the case and refile it in San Diego.  That's a remarkable statement, given that the Tenth Circuit itself went out of its way to say it's not conflicting. It is consistent with Nass. And that is back to the position. It's not just me that says that Nass and mangum are consistent, and not just logic of a rule and exception. We have the one circuit case that was extant at the time that mangum was decided, holding. Is there any equivalent rule in the Ninth to the Supreme Court rule of presumed constitutionality, that you had to read something to be consistent rather than inconsistent? Judge Lucero, like you, I reside in the Tenth Circuit. I'm from New Mexico. I'm not that conversant with Ninth Circuit law that we have in brief, so I can't answer that, but I assume so. That would make sense, of course. It is also consistent with the rule which does apply with these questions of whether panel decisions conflict. We cited a, I believe it was a Minnesota case, district court case, but the logic of it, one is obligated to attempt to reconcile panel decisions. We're not here to find superficial conflict and then say, oh, now we've got a problem. The system is based on an endeavoring to find consistency, and there is nothing but consistency here with a rule and exception, and again, I go no further than besides what we said in our briefs and the failure of the defendants to contest it, the Tenth Circuit itself, saying that in Johnson, the rules are consistent, and that, I believe, is the answer. Thank you, counsel. Thank you very much. All right. Case is argued and submitted.
judges: Reinhardt, Lucero, Nguyen